IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER G. COOPER,

               Petitioner,               No. CIV-04-6710 ALA HC

     vs.

DERRAL G. ADAMS,

               Respondent.             <u>ORDER</u>

_____/

       Pending before the Court are Peter G. Cooper's ("Petitioner") application for writ of habeas corpus (doc. 1), Respondent Derral G. Adams' ("Respondent") Answer (doc. 5), and Petitioner's Traverse (doc. 6). On December 19, 2007, Petitioner was served with the Court's order requesting additional briefing (doc. 9) at his last-known address. That order was returned to the Court as undeliverable. The returned envelope notes that the intended recipient, the Petitioner, is "Paroled." *See* Returned Envelope (doc. 11).

       Petitioner's six grounds for habeas corpus relief challenge the California Board of Prison Terms' ("BPT") decisions finding Petitioner unsuitable for parole. A habeas petition that challenges a parole board's determinations filed while a petitioner is incarcerated may be mooted by a later granting of parole. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). In challenging a parole board's actions, for purposes of standing, a petitioner must establish that as a result of the parole board's actions, he is either (1) "currently being held in illegal custody," or

1

1  (2) that he suffers from collateral consequences as a result of the parole board's earlier parole

2  denials.  *Id.* at 999-1000.

3       Petitioner may now be paroled.  Also, the Court has no information regarding the

4  collateral consequences, if any, of the BPT's previous parole denials.  As a result, the Court may

5  lack jurisdiction over Petitioner's petition because it may now be moot.

6       "Mootness is jurisdictional."  *See id.* at 999.  "[I]t is the burden of the party who seeks

7  the exercise of jurisdiction in his favor, clearly to allege facts demonstrating that he is a proper

8  party to invoke judicial resolution of the dispute."  *Spencer v. Kemna*, 523 U.S. 1, 11 (1998)

9  (citations and internal quotation marks omitted).  To establish standing, "throughout the

10  litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the

11  defendant and likely to be redressed by a favorable judicial decision."  *Id.*  (citations and internal

12  quotation marks omitted).

13       THEREFORE, Petitioner is ordered to show cause on or before March 3, 2008, as to why

14  his petition should not be dismissed as moot.

15       IT IS FURTHERMORE ORDERED that Petitioner apprise the Court of his current

16  address on or before the same date, March 3, 2008.  If the Court is not apprised of Petitioner's

17  new address by that date, this action may also be dismissed for failure to prosecute.[1]

18  /////

19  DATED: February 13, 2008

                          /s/ Arthur Alarcón
20                            UNITED STATES CIRCUIT JUDGE

21                            Sitting by Designation

22

23

24       [1]  *See* E.D. Cal. L.R. 83-183 (b) ("A party, appearing in propria persona shall keep the
Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff
25  in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails
to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the
26  Court may dismiss the action without prejudice for failure to prosecute.").